# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Arlander Keys | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 74 | **DATE** | 10/13/2000 |
| **CASE TITLE** | Patricia Rhodes, Inc. vs. Ben Hur Relocation Services, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. The Court grants Defendant's Motion to Dismiss, and, therefore, dismisses Counts II and III of Plaintiff's Amended Complaint. Status hearing set for 10/27/00 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | 2 number of notices | |
| ✓ | Notices mailed by judge's staff. | | OCT 16 2000 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | 15 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| VKD | courtroom deputy's initials | FILED FOR DOCKETING 00 OCT 13 PM 6:30 Date/time received in central Clerk's Office | 10/13/2000 date mailed notice VKD mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



OCT 16 2000

PATRICIA RHODES, INC., )
an Illinois corporation, )
 )
    Plaintiff, ) No. 00 C 0074
 )
    v. ) Magistrate Judge
 ) Arlander Keys
BEN HUR RELOCATION SERVICES, INC., )
a foreign corporation, )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint. Counts II and III involve state common law claims of fraud in the inducement. Defendant challenges Counts II and III on the grounds that they are preempted by the Carmack Amendment, 49 U.S.C. §14706, to the Interstate Commerce Act, 49 U.S.C. §10101 *et seq.* (West 2000). For the following reasons, Defendant's Motion to Dismiss is granted.

## FACTUAL BACKGROUND

In December of 1997, Plaintiff Patricia Rhodes, Inc. ("PRI") hired Defendant, Ben Hur Relocation Services, Inc. ("Ben Hur") to transport various household items from PRI's showroom in New York, New York, to its principal office in Rolling Meadows, Illinois. (Amended Complaint ["Am. Compl."] ¶6.) PRI claims that it informed

Ben Hur that it needed the items for a January 9th sale in Rolling Meadows, Illinois.[1] (Am. Compl. ¶7.)

On December 22, 1997, PRI received a "Binding Estimate of Total Cost & Order for Service" from Ben Hur. (Am.Compl. ¶6.) The Binding Estimate stated that packing and pick-up of PRI's shipment would take place on January 2, 1998, and the latest agreed delivery date would be ten days from the pick-up date (*i.e.*, January 12). Packing and pickup of PRI's shipment occurred on December 29, 1997. (Am.Compl. ¶9.) Because the pickup occurred on December 29, PRI alleges that Ben Hur was obligated to deliver the goods to PRI's office in Rolling Meadows by January 8, 1998, ten days after pickup, (Am. Compl. ¶8), and the day before the planned sale.

On the way to Rolling Meadows, Illinois, Ben Hur's truck broke down and PRI's possessions were placed in storage for more than two weeks. (Am.Compl. ¶34.) The goods arrived at PRI's office in Rolling Meadows, Illinois, on January 15, 1998. (Am.Compl. ¶12.) Various items arrived damaged. (Am.Compl. ¶13.) The declared actual cash value of the shipment was $20,000, for which PRI had paid $200 in insurance. (Am. Compl. ¶21, Exhibit B.) Because the

---

[1] Ben Hur denies that it was notified of the January 9th sale. (Answer ¶7.) Nevertheless, on a motion to dismiss, the Court assumes that all well-pled facts are true.

-2-

shipment did not arrive before the scheduled sale, PRI was forced to cancel the sale, resulting in $75,000 lost profits. (Am.Compl. ¶40.)

Plaintiff filed her Amended Complaint on July 7, 2000. Plaintiff seeks actual, punitive, and special damages arising from the damage and delay in delivery of its shipment from New York, New York, to Rolling Meadows, Illinois. The Amended Complaint consists of three counts. Count I of PRI's Amended Complaint seeks monetary damages for the injury to PRI's shipment under the Carmack Amendment. Count II is a common law fraud in the inducement claim, seeking actual and punitive damages as a result of injury to PRI's property. Count III is a common law fraud in the inducement claim, seeking actual, special, and punitive damages as a result of the delayed delivery. Counts II and III are subjects of the present Motion to Dismiss.

## MOTION TO DISMISS STANDARD

The purpose of a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted, is to test the sufficiency of the complaint. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In deciding a Rule 12(b)(6) motion, the court accepts as true all well-pled factual allegations, and draws all reasonable inferences therefrom in the

plaintiff's favor. *See Arazie v. Mullane*, 2 F.3d 1456, 1465 (7th Cir. 1993). The court will dismiss the complaint only when "it appears beyond doubt that the plaintiff can prove no set of facts" entitling relief. *Conley*, 355 U.S. at 45-46.

## ANALYSIS

As a preliminary note, Plaintiff has failed to contest Defendant's Motion to Dismiss Counts II and III. Therefore, the Court may grant Defendant's Motion to Dismiss without addressing the substantive issues, because Plaintiff has waived any argument on appeal. Nonetheless, the Court has analyzed the substantive issues, and has found that Counts II and III of Plaintiff's Amended Complaint are indeed preempted by the Carmack Amendment.

### I. The Carmack Amendment

The Carmack Amendment to the Interstate Commerce Act provides for the liability of interstate carriers for damage to the goods transported. The Carmack Amendment states, in pertinent part, as follows:

> [A] carrier . . . that delivers the property and is providing transportation or service subject to the jurisdiction of the [Interstate Commerce Commission is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property . . .

-4-

49 U.S.C. §14706(a).

Prior to the passage of the Carmack Amendment, the liability of a carrier in interstate transportation varied greatly from state to state. The diversity of legislative and judicial holdings were such that "it was practically impossible for a shipper to know without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one State to another." *Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1913). To resolve such uncertainty and to provide a uniform national law, Congress passed the Carmack Amendment.

It is well established that the Carmack Amendment preempts state common law claims as to the rights and liabilities of common carriers for delay, loss or damages of goods. *See, e.g., Gordon v. United Van Lines*, 130 F.3d 282, 284 (7th Cir. 1997)(finding fraud in the inducement claim preempted); *Hughes v. United Van Lines*, 829 F.2d 1407, 1415 (7th Cir. 1987) (finding claim of negligence and breach of contract for destruction of property preempted); *White v. United Van Lines*, 758 F. Supp. 1240, 1243 (N.D.Ill. 1991)(finding claim against carrier based on carrier's bad faith breach of liability package preempted); *Southeastern Express Co. v. Pastime*

-5-

*Amusement Co.*, 299 U.S. 28 (1936)(finding claim of negligence for failure to deliver film on time preempted).

The United States Supreme Court addressed the preemptive scope of the Carmack Amendment in *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913). In *Adams*, the Court stated:

> That the legislation supersedes all the regulations and policies of a particular state upon the same subjects results from its general character . . . Almost every detail of the subject is covered so completely that there can be no rational doubt that Congress intended to take possession of the subject and supersede all state regulation with reference to it.

226 U.S. at 505-06. The Seventh Circuit has made clear that "state law claims for losses or damage to the cargo . . . whether described under a contract theory or a tort theory, are preempted by the Carmack Amendment." *Gordon*, 130 F.3d at 289. In sum, in actions seeking damages for delay, loss, or damage of property shipped in interstate commerce by a carrier, the Carmack Amendment is the shipper's sole remedy.

## II. Count II: Fraud in the Inducement - Insurance

Count II of the Amended Complaint alleges that Ben Hur falsely represented that it would provide insurance for PRI's goods, "result[ing] in a wilful and malicious injury to the property of PRI,"(Am. Compl. ¶27), and seeks actual damages of $26,380, in addition to punitive damages of $100,000. This claim is

-6-

unmistakably preempted by the Carmack Amendment.

Fraud in the inducement is a state common law claim. As explained above, state law actions against a common carrier for damage or loss of goods are preempted by the Carmack Amendment. Furthermore, the Seventh Circuit has specifically held that fraud in the inducement claims are preempted by the Carmack Amendment because such claims "are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods." *Gordon*, 130 F.3d at 289; *see also Nowakowski v. American Red Ball Transit Co., Inc.*, 680 N.E.2d 441, 443 (2nd Dist. 1997) (finding fraud claim involving procurement of insurance preempted because sole purpose of insurance was to compensate plaintiffs for damage to property).

In order to bring a state law claim against a common carrier, the claim must allege liability on a ground that is "separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *Gordon*, 130 F.3d at 289. Count II of the Amended Complaint obviously arises from the damage to the goods that were shipped in interstate commerce, and is thus preempted.

Furthermore, allowing the Plaintiff to recover punitive damages would be inconsistent with the Carmack Amendment's

limitation of carriers' liability to actual damages. *See, e.g., Cleveland v. Beltman North. American Co., Inc.*, 30 F.3d 373, 379 (2nd Cir. 1994); *Nowakowski, supra*, 680 N.E.2d at 444.

III. **Count III: Fraud in the Inducement – Inability to Perform**

Count III of the Amended Complaint alleges that Ben Hur knew or should have known that it would not be able to deliver PRI's shipment on time. Count III seeks actual and punitive damages, as well as special damages of $75,000, as a result of the canceled sale.

Generally, special or consequential damages are not permitted under the Carmack Amendment, unless the carrier had notice of the special circumstances from which such damages would flow at the time the contract was formed. *Linc Equip. Serv. v. Signal Med. Serv.*, No. 97 C 8049, 1999 WL 1144919, at *2 (N.D.Ill. Dec. 8, 1999).

PRI does, in fact, allege that it informed Ben Hur of the consequences that would result if the shipment was not delivered on time. However, a claim for special damages against a common carrier must be made under the Carmack Amendment, not in a state common law cause of action, as here. As explained *supra*, a state common law claim for fraud in the inducement is preempted by the Carmack Amendment.

-8-

## CONCLUSION

For the foregoing reasons, the Court grants Defendant's Motion to Dismiss, and, therefore, dismisses Counts II and III of Plaintiff's Amended Complaint.

**IT IS THEREFORE ORDERED** that:

Defendant's Motion to Dismiss, be, and the same hereby is, **GRANTED**.

DATED: October 13, 2000

Enter:

_____
ARLANDER KEYS
United States Magistrate Judge